UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES QUINLAN and REGINA BOGGIO,            :

                                    Plaintiffs,            :

                        -against-                    :        **MEMORANDUM AND ORDER**

EXEL DIRECT INC. and RAFAEL FERNANDEZ,   :            11 Civ. 8739 (KNF)



                                    Defendants.       :
------------------------------------------------------------------X
EXEL DIRECT INC. and RAFAEL FERNANDEZ,
                                                                :
                        Third Party Plaintiffs,
                                                                :
                        -against-
                                                                :
CONSOLIDATED EDISON OF NEW YORK,
CABLEVISION OF SOUTHERN WESTCHESTER, :
INC., and VERIZON NEW YORK, INC.,
                                                                :
                        Third Party Defendants.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

        James Quinlan and Regina Boggio commenced this action asserting causes of action for

negligence and loss of services against Exel Direct Inc. and Rafael Fernandez ("Fernandez").

(Docket Entry No. 131).  The defendants filed a third-party complaint against Consolidated

Edison of New York, Cablevision of Southern Westchester, Inc. and Verizon New York Inc.  The

third-party plaintiffs assert the following "cause[s] of action" against each third-party defendant:

            if plaintiffs were caused to sustain injuries and damages as alleged in the Amended
            Complaint through the carelessness, negligence and/or recklessness as plaintiffs
            allege, which the defendants/third-party plaintiffs specifically and expressly deny, and
            if plaintiffs were caused to sustain said injuries and damages through wrongful

conduct other then [sic] through their own culpable conduct and contributory negligence, then the defendants/third party plaintiffs will be damaged by the aforesaid negligence and fault of [the third-party defendant] and

(1) "will be entitled to common law indemnification from [the third party-defendant] from any judgment or settlement obtained against or from the defendants/third-party plaintiffs"; and (2) "if plaintiffs obtain recovery or judgment against the defendants/third-party plaintiffs, [the third-party defendant] will be abliged [sic] to contribute to the amount of said recovery to the extent that each is held responsible to the plaintiff on the basis of an apportionment of negligence." (Docket Entry No. 135). Each third-party defendant made a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Docket Entry Nos. 151, 157 & 161), based on the following grounds: (1) no evidence of its negligence exists; (2) Fernandez's negligence is "the sole proximate cause of the incident"; and (3) no evidence exists that it had actual or constructive notice of any low hanging wire or any other defective condition.  The third-party plaintiffs oppose the motions.

New York common law "imposes indemnification obligations upon those actively at fault in bringing about the injury, and thus reflects an inherent fairness as to which party should be held liable for indemnity." McCarthy v. Turner Constr., Inc., 17 N.Y.3d 369, 375, 929 N.Y.S.2d 556, 561 (2011) (citations omitted).  "A claim for contribution rises and falls based on the existence of separate tortfeasors." AG Capital Funding Partners, L.P. v. State Street Bank & Trust Co., 5 N.Y.3d 582, 594, 808 N.Y.S.2d 573, 580 (2005).

Here, the third-party complaint asserts "cause[s] of action" for common law indemnification and contribution against the third-party defendants.  However, neither the plaintiffs nor the third-party plaintiffs asserted negligence or any other tort claim against the

third-party defendants.  Absent a tort claim, there cannot be any tortfeasor(s) and, consequently, no common law indemnity or contribution can be sought or had from the party against whom no claim of wrongdoing has been asserted by anyone.  The third-party defendants argue that no evidence exists of their negligence, but no claim of negligence was asserted against them by the plaintiffs or the third-party plaintiffs.  The third-party complaint is devoid of any allegations: (a) specifying any duty owed by any third-party defendant; (b) identifying to whom such a duty is owed; (c) describing how the duty was breached; and (d) asserting that the breach was a proximate cause of the injuries sustained by the plaintiff.  See Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 648 (1981) (articulating the elements of a negligence claim).  Moreover, no allegations exist in the third-party complaint that, in the circumstance of this case, any third-party defendant exercised actual supervision or gave direction.  See McCarthy, 17 N.Y.3d at 378, 929 N.Y.S.2d at 563.  The third-party plaintiffs' conclusory allegations, in the part of the third-party complaint entitled "FACTS," that: (I) the third-party defendants "negligently owned, maintained, operated, controlled and managed" "the low hanging wires and ajacent [sic] utility poles" (Docket Entry No. 135, ¶ 11, 12 & 13); and (ii) "the July 12, 2011 motor vehicle accident . . . was caused by the negligence of third-party defendants in their ownership, maintenance and control of the aforementioned low hanging wires and ajacent [sic] utility poles, generators and/or related appurtenances which impeded [sic] vehicular traffic thereat," (Docket Entry No. 135, ¶ 20), without more, are insufficient, as a matter of law, to state a negligence claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

"After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party."  Fed. R. Civ. P. 56(f)(2).  The third-party defendants did not

3

raise the lack of any tort claim being asserted against them as a ground for their motions for summary judgment. As the Court intends to resolve the defendants' motions based on this ground, which was not raised by the motions, it hereby provides notice to the parties of its intent to enter a judgment(s) predicated on a ground independent of any ground(s) raised by the motions, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Accordingly, it is ORDERED that on or before June 19, 2014, the parties respond to this notice, in accordance with Rule 56(f).

Dated:  New York, New York
       June 6, 2014

SO ORDERED:

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE